EXHIBIT A
[SETTLEMENT AGREEMENT]

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 3:04CV00441(JCH) |
| : | |
| TIMOTHY C. SPAYNE, : | |
| and LAW OFFICES OF : | |
| TIMOTHY C. SPAYNE, LLC, : | |
| : | |
| Defendants. : | |

SETTLEMENT AGREEMENT

I. PARTIES

This Settlement Agreement ("Agreement") is entered into between the United States of America, acting through the United States Department of Justice and the United States Attorney's Office for the District of Connecticut ("United States); and Timothy C. Spayne and the Law Offices of Timothy C. Spayne, LLC (collectively "Spayne") (all of the above, collectively, the "Parties").

II. PREAMBLE

As a preamble to this Agreement, the Parties agree to the following:

A.   Timothy C. Spayne is an attorney who practices law from his office located at 83 LaFayette Street, Norwich, Connecticut.

B. The Law Offices of Timothy C. Spayne, LLC is a Connecticut limited liability corporation, with offices at 83 LaFayette Street, Norwich, Connecticut.

C. The Longshore and Harbor Workers' Compensation Act ("LHWCA") provides for

medical benefits, compensation for lost wages and rehabilitation services to maritime workers who are injured during the course of employment. The LHWCA provides that a maritime employee who suffers an injury or disability may utilize the services of an attorney to file a claim for compensation. The LHWCA requires the employer to pay the reasonable attorney's fees of its employee when the claim is initially controverted but ultimately allowed through adjudication or settlement.

D. In accordance with the provisions of the LHWCA, Electric Boat Corporation ("EB") pays reasonable attorney's fees incurred by its employees which are allowed through adjudication or settlement.

E. Spayne routinely represents union employees of EB, in actions against EB, pursuant to the LHWCA. After a LHWCA case is resolved, Spayne mails an attorney's fees application to the Department of Labor. If the fee application is approved, EB pays Spayne his attorney's fees for the case in question.

F. As a result of the contractual arrangements between the Navy and EB, Spayne's fees are ultimately paid by the United States.

G. The United States contends that, between January 1, 1999 and December 31, 2001, the attorney's fees applications submitted by Spayne on behalf of his EB clients were false or fraudulent, as the applications misrepresented the number of hours worked by Spayne (hereinafter referred to as the "Covered Conduct").

H. The United States contends that it has certain civil claims against Spayne under the False Claims Act, 31 U.S.C. §§ 3729-3733, and/or common law doctrines for engaging in the Covered Conduct.

2

I. Spayne denies the contentions of the United States set forth in Paragraphs G and H above.

J. In order to avoid the delay, uncertainty, inconvenience and expense of protracted litigation of these claims, the Parties reach a full and final settlement as set forth below.

III. TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated herein, the Parties agree as follows:

1. Spayne shall pay the United States One Million Dollars ($1,000,000.00) (the "Settlement Amount"). The Settlement Amount will be paid out of the $1,243,440.00, seized by the Government from Spayne in the related forfeiture action, United States v. $1,243,440.00, 3:03CV737(JCH). The $1,243,440.00 is currently held by the U.S. Marshals Service in the Seized Asset Deposit Fund. Pursuant to the Stipulated Agreement and Court order in the related forfeiture action, the U.S. Marshals service will disburse the $1,000,000.00 Settlement Amount, plus any accrued interest, by U.S. Treasury check, made payable to the United States Department of Justice, to the U.S. Attorney's Office, District of Connecticut, 157 Church Street, 23rd Floor, New Haven, Connecticut 06510, attention: Financial Litigation Unit, Joyce Seraphin.[1]

2. Subject to the exceptions set forth below, in consideration of the obligations of Spayne

---

[1] Also, pursuant to the Stipulated Agreement and Court order in the related forfeiture action, the remaining $243,440.00 will be disbursed by the U.S. Marshals Service to the IRS. The disbursement will be by U.S. Treasury check made payable to the IRS, and delivered to the IRS, JFK Federal Building, P.O. Box 9112, STOP 41225, Boston, MA 02203 attn: William Noonan, as a partial advance payment of Spayne's potential tax liability for the tax years 1999 and 2000. The IRS will apply the $243,000.00 as an advance payment of tax, $63,294.40 to tax year 1999 and $180,145.60 to tax year 2000.

3

set forth in this Agreement, conditioned upon Spayne's payment in full of the Settlement Amount, the United States (on behalf of itself, its officers, agents, agencies and departments) agrees to release Spayne from any civil or administrative claim for civil damages or penalties the United States has or may have had under the False Claims Act, 31 U.S.C. §§ 3729-3733, or the common law theories of payment by mistake, unjust enrichment, breach of contract, or fraud, for the Covered Conduct.

    3. Spayne fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) which Spayne has asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and agents, related to the Covered Conduct and the United States' investigation and prosecution thereof.

    4. Within ten business days of receipt of the Settlement Amount, the United States will file a stipulation of dismissal of all claims based on the Covered Conduct, with prejudice, each party to bear its own costs, in this action, 3:04CV441(JCH), signed by all parties in accordance with Rule 41(a)(1) of the Federal Rules of Civil Procedure.

    5. Notwithstanding any term of this Agreement, specifically reserved and excluded from the scope and terms of this Agreement are any and all of the following:

    (a)    Any claims arising under Title 26, U.S. Code (Internal Revenue Code);

    (b)    Any criminal liability;

    (c)    Except as explicitly stated in this Agreement, any administrative liability, including suspension or debarment from federal programs;

    (d) Any liability to the United States (or its agencies) for any conduct other than the

4

Covered Conduct;

    (e) Any claims based upon such obligations as are created by this Agreement.

    6. The Parties agree that all costs (as defined in the Federal Acquisition Regulation (FAR), 48 C.F.R. §1-31.205-47) incurred by or on behalf of Spayne in connection with (1) the matters covered by this Agreement; (2) the United States's audit and investigation of the matters covered by this Agreement; (3) Spayne's investigation, defense of the matter, and corrective actions undertaken in response to the United States' investigation of this action, including but not limited to related audit work and attorneys' fees and costs; (4) the negotiation of this Settlement Agreement; and (5) the payment made to the United States pursuant to this Agreement, shall be unallowable costs for Government contract accounting purposes.

    7. Spayne waives and will not assert any defenses Spayne may have to any criminal prosecution or administrative action relating to the Covered Conduct, which defenses may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Spayne agrees that this settlement is not punitive in purpose or effect. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue Laws, Title 26 of the United States Code.

    8. This Agreement is intended to be for the benefit of the Parties only, and by this instrument the Parties do not release any claims against any other person or entity, except as noted herein.

5

9. Each party to this Agreement shall bear its own legal and other costs incurred in connection with this matter.

10. Spayne represents that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

11. This Agreement is governed by the laws of the United States. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Agreement shall be the United States District Court for the District of Connecticut.

12. This Agreement constitutes the complete agreement among the Parties. This Agreement may not be amended except by written consent of the Parties.

13. The undersigned individuals signing this Agreement on behalf of Spayne represent and warrant that they are authorized to execute this Agreement. The undersigned United States signatories represent that they are signing this Agreement in their official capacity and are authorized to execute this Agreement.

14. This Agreement is binding on the successors, transferees and assigns of the Parties.

15. This Agreement is effective on the date of signature of the last signatory to the Agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

16. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

[signatures appear on following page]

THE UNITED STATES OF AMERICA

DATED: 1-7-05   BY: _____
                    JOHN B. HUGHES
                    ASSISTANT UNITED STATES ATTORNEY
                    CHIEF, CIVIL DIVISION
                    DISTRICT OF CONNECTICUT

DATED: 1/7/05   BY: _____
                    RICHARD M. MOLOT
                    ASSISTANT UNITED STATES ATTORNEY
                    DISTRICT OF CONNECTICUT

TIMOTHY C. SPAYNE

DATED: 1/5/05   BY: _____
                    RICHARD M. EGBERT, ESQ.          24625
                    COUNSEL FOR TIMOTHY C. SPAYNE

DATED: 12/29/04  BY: _____
                    TIMOTHY C. SPAYNE, ESQ.

TIMOTHY C. SPAYNE, LLC

DATED: 1/5/05   BY: _____
                    RICHARD M. EGBERT, ESQ.          24625
                    COUNSEL FOR TIMOTHY C. SPAYNE, LLC

DATED: 12/29/04  BY: _____
                    TIMOTHY C. SPAYNE, ESQ
                    PRESIDENT, TIMOTHY C. SPAYNE, LLC

7